IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PORTLAND COMMUNITY )
REINVESTMENT INITIATIVES, )
an Oregon nonprofit public benefit )
corporation, )
)
        Plaintiff, )   TC-MD 120743D
)
   v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
        Defendant. )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss, filed March 5, 2013,

requesting that the Complaint be dismissed.

Defendant's Motion to Dismiss (Motion) stated:

> "The Regular Division's recent decision in *Corvallis Neighborhood
> Housing Services, Inc. v. Linn County Assessor*, TC 4996 (filed February 27,
> 2013), held that low income housing, whether owned by an exempt or non-
> exempt entity, is not qualified for a property tax exemption under ORS 307.130.
> The *Corvallis Neighborhood Housing Services, Inc*., decision is dispositive of all
> legal issues remaining in this case, as Plaintiff is appealing the Assessor's
> determination that it is not entitled to a property tax exemption under ORS
> 307.130 for low-income housing owned by Plaintiff."

(Mot at 1-2.)  Plaintiff's Opposition to Defendant's Motion to Dismiss (Opposition Motion) was

filed on March 8, 2013.  In its Opposition Motion, Plaintiff stated:

> "The Corvallis Neighborhood court did not consider either the legislative
> intent for the need for affordable housing stated in ORS 456.270 or 458.305.
> Also, the court's holding that a nonprofit who follows federal, state and local
> government income restrictions when leasing to a low income tenant because the
> tenant gains the right to quietly enjoy the leased residence defeats the nonprofits
> (*sic*) charitable purpose to provide affordable housing to low income tenants.  I
> argue that the charitable purpose is only fulfilled by leasing to low income
> tenants, and possession to a low income tenant for a term is no different than the

/ / /

Salvation Army renting a bed overnight to a transient, fulling (*sic*) the purpose to relieve the government of homelessness."

(Opp'n Mot at 1-2.)

The court's recent decision, *Corvallis Neighborhood Housing Services, Inc. v. Linn County Assessor (Corvallis Neighborhood)*, _ OTR _ (February 27, 2013), is dispositive of the issues pending in the above-entitled matter. *Corvallis Neighborhood* concerned an entity (CNHS) that was organized for charitable purposes including "the provision of safe, decent * * * sanitary, affordable housing for persons of low and moderate income." *Corvallis Neighborhood,* _ OTR at _ (slip op at 9); TC 4996, 2013 WL 780999 at *4 (February 27, 2013) (citations omitted). In addition to providing other housing related services, CNHS and its wholly owned limited liability corporation leased both multifamily and single family properties to low income persons at below market rates. The leases on those properties included standard clauses for a landlord's access in the case of emergencies or for maintenance, but otherwise gave tenants the right to exclude all others from their dwellings, including the agents or employees of CNHS.

The Tax Court Regular Division held that even though CNHS performed a charitable activity, those properties failed to qualify for exemption because they were not "exclusively occupied or used" in the charitable work of CNHS as required by ORS 307.130(2)(a). In general, the court found that grants of possessory interests in property owned by charitable institutions fail to meet the exclusive use provision of ORS 307.130(2)(a) (2011) unless the lessee can be viewed as a partner or "joint actor" in the charitable work of the lessor. Unlike transient guests at a shelter, the taxpayers' tenants in *Corvallis Neighborhood* had a possessory interest that included the right to exclude their landlords. As those tenants were passive recipients of charity rather than joint actors with CNHS, the court found that the tenant dwellings did not meet the statutory criteria for an exemption.

Given the facts of the case set forth in the pleadings and the court's recent decision, Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of March.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision of Dismissal was signed by Presiding Magistrate Jill A. Tanner on March 13, 2013. The Court filed and entered this Decision of Dismissal on March 13, 2013.*